UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEHON CAILLIER                                                                                      PLAINTIFF

V.                                                                       CIVIL ACTION NO.: 3:17-CV-112-DPJ-FKB

THE TJX COMPANIES, INC., and
RIDGEWOOD JACKSON MS, LLC                                                                    DEFENDANTS

ORDER

Plaintiff Dehon Caillier filed this premises-liability suit after she tripped and fell just outside Defendants' store. Defendants now seek summary judgment, but because material facts are disputed, the motion must be denied.

I.     Facts and Procedural History

On December 29, 2013, Caillier visited the Marshalls retail store in Jackson, Mississippi. Although she is not disabled, Caillier chose to use the store's handicap-access ramp and tripped over a saw-cut warning groove in the ramp's surface. Caillier fell into a sliding-glass door, which shattered and left her with cuts to her hands, arms, and face.

Asserting a claim for premises liability, Caillier sued TJX Companies, Inc., d/b/a Marshalls, and Ridgewood Jackson MS, LLC, in the Circuit Court for the First Judicial District of Hinds County, Mississippi.[1] Defendants thereafter filed a Notice of Removal with this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Jurisdiction is proper.

Following discovery, Defendants moved for summary judgment, saying Caillier failed to demonstrate a genuine issue of material fact as to the existence of a dangerous condition on the

---

[1] While the ownership interest of these entities with respect to Marshalls is not clear, it is not relevant to the motion. Defendants will be referred to collectively.

entrance ramp. Defs.' Mem. [57] at 5. Caillier responded, and the motion is now ripe for consideration.

II.     Standard of Review

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

III.     Analysis

There is no dispute that Caillier was a business invitee when she fell in front of Defendants' store. As such, Marshalls had a duty to "keep [its] premises in a reasonably safe condition." *Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 89 (Miss. 2013) (en banc).

Here, Caillier says the ramp was not reasonably safe because the grooves were too big, the slope was too steep, and the landing at the top of the ramp was too short. She offers expert testimony on all three issues and testimony that the alleged defects violated the 2010 Americans with Disabilities Act ("ADA") Standards.

Defendants focus their motion on the grooves, which were 3/8 of an inch wide and 1/4 of an inch deep. As they note, numerous cases applying Mississippi law have found that cracks in sidewalks, stairs, and other public areas do not normally constitute a hazardous condition. *See, e.g.*, *Knight v. Picayune Tire Servs.*, 78 So. 3d 356, 359 (Miss. Ct. App. 2011) (holding that sidewalks and other pathways "often . . . contain cracks and changes in elevation; and[,] as such[,] they do not become hazardous conditions simply because they contain minor imperfections or defects") (citing *City of Greenville v. Laury*, 159 So. 121, 122 (Miss. 1935); *City of Meridian v. Crook*, 69 So. 182, 183−85 (Miss. 1915)). Courts have applied that rule to cracks that were substantially larger than the dimensions of the groove Caillier tripped over. *See Parker v. Walmart Stores, Inc.*, 261 F. App'x. 724, 726−27 (5th Cir. 2008) (holding that crack 3.5 inches wide and 2 inches deep was not dangerous condition under Mississippi law).

But as Caillier notes, these cases deal with naturally occurring imperfections, whereas Defendants allegedly constructed this ramp with the unreasonably dangerous conditions. Defendants never directly address this issue in reply, and the Court will need additional argument before it can decide whether this aspect of the claim should survive.

3

Even if it does not, the grooves are not the only defect Caillier asserts. According to Caillier and her expert, Robert Kempkes, the increased slope and shallow landing area at the top of the ramp were also hazardous. As to the landing, Caillier plainly argued in her summary-judgment response that its design proximately caused her to hit the glass door. *See* Pl.'s Resp. [61] at 4–6, 8, 14, 16. She offered the following evidence:

- Both Kempkes and Defendants' expert James Danner opined that the landing failed to comply with the ADA because it was too short. *See* Kempkes Dep. [61-4] at 43; Danner Dep. at [61-6] at 85.

- Kempkes testified that the landing should have been 42 inches rather than 19 inches deep and that the extra length would have given Caillier more space to stop her fall before hitting the glass. Kempkes Dep. [61-4] at 43, 52.

- Danner gave similar testimony: "More likely than not, she would have had less momentum when she hit it. She may have still hit it, but she wouldn't have hit it with equivalent force." Danner Dep. [61-6] at 88.

Defendants never addressed the landing in their summary-judgment memorandum and then failed to acknowledge Caillier's arguments in their reply. Defendants did argue that ADA non-compliance does not create liability when the plaintiff is not disabled, but they never addressed the factual question whether the depth of the landing was unsafe and proximately caused Caillier's injuries. Absent a response, the Court finds that this issue alone creates a material dispute the jury must decide.[2]

---

[2] Defendants filed a *Daubert* motion regarding Kempkes's opinions, and the Court will hold a hearing on that issue. But in that motion, Defendants stated that Plaintiff and Kempkes "have isolated the defect on the premises as being the groove." Defs.' Mem. [59] at 3. The *Daubert* motion therefore made no specific reference to the landing issue despite Caillier's arguments regarding it in her summary-judgment response. The one argument in the *Daubert* motion that might affect the landing issue is the assertion that ADA noncompliance is irrelevant because Caillier was not disabled. But it is not yet apparent that the ADA is irrelevant in this context, and Kempkes does offer more general opinions regarding the alleged hazards. Regardless, Caillier may not need an expert for the landing theory, and Defendants should have addressed it at least in their summary-judgment reply.

IV. Conclusion

The Court has considered all of the parties' arguments. Those not specifically addressed would not have changed the outcome. Defendants' Motion for Summary Judgment [56] is denied. The parties are instructed to contact Courtroom Deputy Shone Powell within ten (10) days to set the *Daubert* motion for hearing.

**SO ORDERED AND ADJUDGED** this the 6th day of March, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE